UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| INVESTIGATIVE POST, INC.<br><br>        Plaintiff,<br><br>  v.<br><br>FEDERAL BUREAU OF INVESTIGATION, and DEPARTMENT OF JUSTICE<br><br>        Defendants. | Civil Action No. _____ |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

**INTRODUCTION**

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Plaintiff, Investigative Post, Inc. ("Investigative Post" or "iPost"), seeks to compel Defendants to immediately release records related to Plaintiff's February 28, 2023, and April 21, 2023 FOIA requests, described herein.

2. Plaintiff is bringing this action because, to date, Defendants have improperly withheld responsive records.

3. Plaintiff seeks records that are of significant value to the public. The records sought contain information about public officials and their misuse of taxpayer dollars in their governance of Western Regional Off-Track Betting Corp. ("OTB"), a public benefit corporation that offers off-track betting on horse racing, and the Niagara County Industraial Development Agency (IDA).

4. The FOIA requests described herein ("the Requests") came after more than four years of lawsuits, investigations, and reporting from Investigative Post on numerous irregularities within OTB. The information contained in the requested records will allow Investigative Post to bring transparency and accountability to OTB and its public officials in order to protect the public against the misuse of taxpayer funds. Thus, the requested information will significantly contribute to the public's understanding of government operations and activities.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

6. Venue in this Court is proper pursuant to 5 U.S.C. § 552(a)(4)(B) because Plaintiff's principal place of business is in Buffalo, New York.

## PARTIES

7. Investigative Post is a not-for-profit watch-dog news organization based in Western New York ("WNY"). Plaintiff produces fact-based, nonpartisan investigative stories and analyses on issues that matter to the citizens and taxpayers of Buffalo and WNY. Plaintiff seeks to promote transparency, accountability, and integrity in government and fidelity to the rule of law. The primary beneficiary of iPost's work is the public. The Requests were filed in the interest of disseminating important news to the public regarding misuse of taxpayer funds and public corruption, not for a commercial interest.

8. Defendant Department of Justice ("DOJ") is a department within the executive branch of the United States government and an "agency" of the United States within the meaning of 5 U.S.C. § 552(f)(1).

9. Defendant Federal Bureau of Investigation ("FBI") is a component of the DOJ and an "agency" of the United States within the meaning of 5 U.S.C. § 552(f)(1).

10. Defendants have possession, custody, and control of records to which Plaintiff seeks access.

## FACTS

### I.     The First FOIA Request Dated February 28, 2023

11. Plaintiff submitted its first Freedom of Information Act request ("First Request") to the FBI on February 28, 2023. (Exhibit 1).

12. The First Request sought from the FBI "all 302s, investigative files, memos, letters and reports related to or containing mention of the following individuals and entities: George Maziarz, Mark Gabriele, Henry Wojtaszek, Richard Bianchi, Mark Onesi, Henry Sloma, Samuel Ferraro, Western Regional Off-Track Betting Corporation, Niagara County Industrial Development Agency (IDA) and Niagara County Center for Economic Development." (Exhibit 1).

13. Plaintiff requested expedited processing for the First Request on the grounds that Plaintiff is an organization "primarily engaged in disseminating information" to the public, and the request "pertains to a timely matter regarding public officials." 5 U.S.C. § 552(a)(6)(E)(v)(II); (Exhibit 1).

14. Plaintiff requested fee waivers for the First Request on the grounds that it is a "representative of the news media" within the meaning of FOIA and that disclosure of the requested records is in the public interest because it is "likely to contribute significantly to public understanding of the operations or activities of the government and is not

primarily in the commercial interest of the requester." 5 U.S.C. §§ 552(a)(4)(A)(ii)(II); 552(a)(4)(A)(iii).

15. On March 8, 2023, the FBI acknowledged receipt of Plaintiff's First Request and assigned it Request No. 1585416-000. (Exhibit 2).

16. On June 16, 2023, the FBI denied Plaintiff's request for fee waivers. (Exhibit 3).

17. On June 22, 2023, four months after Plaintiff submitted its First Request, the FBI acknowledged via email that it "located approximately 2,664 pages potentially responsive to [the] request." (Exhibit 4). The FBI informed Plaintiff that the "current average time to complete your large track request is at least 55 months," or over four years. (Exhibit 4). The FBI suggested reducing the scope of the request to "accelerate the processing." (Exhibit 4).

18. Beginning on June 22, 2023, and in order to alleviate the burden imposed by potentially having to wait 4.5 years for responsive records (by which time the subject matter of the reporting would become stale), Plaintiff offered to segment its First Request into sub-requests to receive the records in a piecemeal fashion as the FBI processed them. (Exhibit 4).

19. The FBI refused to accommodate this request, advising that to have any chance of shortening the time frame for production, Plaintiff must narrow the request; moreover, the FBI advised that a "FOIA analyst has yet to review this material so we are limited in what we can say, though we can let you know the material falls between the years of 1982-2023." (Exhibit 4).

20. Plaintiff's attorney, Karim Abdulla, then attempted to resolve the matter with the FBI, asking that the already-identified records be produced in a timely manner and in

accordance with well-settled case law. (Exhibit 4). The FBI refused, explaining on July 7, 2023, "[w]e will keep your request as-is and push it along in the large track. When this case gets assigned to a FOIA analyst releases will be made in approximately 500-page increments until all of the responsive material has been released." (Exhibit 4).

21. After one last attempt by Mr. Abdulla to negotiate with the FBI on July 7, 2023, the FBI responded a week later, on July 18, 2023, again providing that the average time for a large track request is 55 months. (Exhibit 4).

22. This was the FBI's last communication regarding Plaintiff's First Request, over five months after Plaintiff initially filed its request.

23. Over four months have passed since the FBI's promise on July 7 to release records in "500 page increments," yet no records have been produced.

24. Nine months have passed since the First FOIA Request and, to date, the FBI has not produced any responsive records or stated why it will not produce records in a timely fashion.

## II.     The Second FOIA Request Dated April 21, 2023

25. In the interest of expediency, Plaintiff submitted a second FOIA request ("Second Request"), No. 1590504-000, to the FBI on April 21, 2023, in an attempt to get a partial response to its previously submitted FOIA request. (Exhibit 5).

26. Plaintiff sought "all records of financial transactions between Mark J. Gabriele and Henry Wojtaszek, as well as all records of financial transactions between Gabriele & Berrigan PC and Henry Wojtaszek, dated Jan. 1, 2010, through the present." Plaintiff further requested "any financial analysis reports, and any other reports, related to the aforementioned financial transactions." (Exhibit 5).

27. On April 26, 2023, the FBI denied the Second Request by issuing a *Glomar* response and invoking FOIA exemptions (b)(6) and (b)(7)(c). (Exhibit 6). The FBI said that it "will neither confirm nor deny the existence of such records pursuant to FOIA exemptions (b)(6) and (b)(7)(c), 5 U.S.C. §§ 552 (b)(6) and (b)(7)(c)." (Exhibit 6).

28. Plaintiff submitted an appeal to this denial on June 12, 2023. (Exhibit 7).

29. The FBI responded to the appeal on June 13, 2023, acknowledging receipt of submission. (Exhibit 8).

30. The FBI denied the appeal on August 25, 2023, by restating the exemptions in the FBI's initial denial of the Second Request and closing the request. (Exhibit 9).

## COUNT ONE

**Violation of FOIA for Failure to Timely Respond and Disclose Responsive Agency Records for Plaintiff's First Request**

31. Plaintiff realleges and reincorporates all preceding allegations.

32. Defendants are agencies subject to FOIA.

33. Through the First Request, Plaintiff properly requested records within the possession, custody and/or control of Defendants.

34. Defendants failed to comply with the statutory time limit for rendering a determination on Plaintiff's First Request in violation of FOIA. 5 U.S.C. § 552(a)(6)(A)(i).

35. Defendants have not released any records or portions thereof that are responsive to the First Request.

36. Defendants are obligated under 5 U.S.C. § 552(a)(3) to promptly produce records responsive to Plaintiff's First Request.

37. Plaintiff "reasonably describe[d]" the records sought in its First Request, meeting the requirements of FOIA. 5 U.S.C. § 552(a)(3)(A); 24 C.F.R. § 15.102(d)(2); (Exhibit 1). Plaintiff sought specific types of FBI files and records of communications with specific individuals and entities. Further, Plaintiff limited its request to records containing mention of specific individuals or entities in order to facilitate the ease of the agency's search. (Exhibit 1).

38. Despite Plaintiff's reasonable description of its First Request and the FBI's responsibility to produce promptly responsive records, the FBI informed Plaintiff that the only way to reduce the time needed for production was to narrow the First Request. (Exhibit 4).

39. The FBI placed this burden on Plaintiff despite that Plaintiff made several attempts to negotiate with the FBI and the FBI refused, and importantly, the FBI had already located the responsive records, namely 2,664 pages of them. (Exhibit 4).

40. Plaintiff's First Request was reasonably specific and sufficiently clear to permit the FBI to locate the responsive records quickly. (Exhibits 1). Therefore, the FBI should "make the records promptly available to [Plaintiff]." 5 U.S.C. § 552(a)(3)(A).

41. To date, Defendants have not even assigned an analyst to review the records sought, more than eight months after the initial request.

42. Defendants' failure to promptly disclose records responsive to Plaintiff's First Request violates FOIA, 5 U.S.C. § 552(a)(3)(A) as well as case law regarding the reasonableness of the amount of time required to review and produce responsive records. *See* Abdulla July 6, 2023, correspondence to FBI FOIA Negotiation team, included within Exhibit 4.

43. Plaintiff has exhausted all applicable administrative remedies.

## COUNT TWO

**Violation of FOIA for Failure to Grant Expedited Processing for the First Request**

44. Plaintiff realleges and reincorporates all preceding allegations.

45. Defendants' failure to grant Plaintiff's request for expedited processing for the First Request violates FOIA, 5 U.S.C. § 552(a)(6)(E).

### COUNT THREE

**Violation of FOIA for Failure to Grant Fee Waivers for the First Request**

46. Plaintiff realleges and reincorporates all preceding allegations.

47. Defendant's failure to grant Plaintiff's request for a waiver of search, review, and duplication fees violates FOIA. 5 U.S.C. § 552(a)(4)(A)(ii).

### COUNT FOUR

**Violation of FOIA for Improperly Applying Exemptions in Response to the Second Request**

48. Plaintiff realleges and reincorporates all preceding allegations.

49. Defendants are agencies subject to FOIA.

50. Through the Second Request, Plaintiff properly requested records within the possession, custody and/or control of Defendants.

51. Accordingly, Defendants must release any and all responsive, non-exempt records in their possession to Plaintiff in response to the Second Request. 5 U.S.C. § 552(a)(8)(ii)(I) and (II).

52. Under FOIA, and in keeping with its spirit and strong presumption in favor of disclosure, agencies must provide sufficient and lawful justification for all withholdings by reference to specific exemptions of FOIA, along with explanations as to the exemption's applicability to the requester's case. 5 U.S.C. § 552(a)(6)(A)(i)(I).

53. Agencies are also required to provide all segregable portions of otherwise exempt material. 5 U.S.C. § 552(a)(8)(ii)(I) and (II).

54. The burden is on the FBI to justify the withholding or redaction of any requested documents. 5 U.S.C. § 552(a)(6)(A)(i)(I).

55. In its response to Plaintiff's Second Request, the FBI stated that the responsive information withheld from Plaintiff was proper pursuant to exemptions under 5 U.S.C. § 552(b)(6) and (b)(7)(C).

56. The FBI's response to the Second Request relied solely on the general language of the cited FOIA exemptions and provided no particularized explanation to justify withholding, which is insufficient under the requirements of FOIA. For instance, the FBI's response to Plaintiff's FOIA request did not contain a Vaughn Index or similar documentation explaining in greater detail the justification for invocation of the FOIA exemptions. 5 U.S.C. § 552 (a)(8)(A)(i)(I).

57. With the exclusion of any detailed explanation for the exemptions invoked, it is impossible for Plaintiff to determine the legitimacy of the FBI's claims that withholding is authorized.

58. The FBI failed to meet its burden in invoking (b)(6) and (b)(7)(C) exemptions and only issued a Glomar response and blanket proclamation that "it is reasonably foreseeable that disclosure of this information would harm the interests protected by these provisions," in their August 2023 final agency decision for the Second Request. Accordingly, the FBI made no apparent effort to weigh any privacy interest against countervailing public interests, as required under the law. 5 U.S.C. § 552(a)(8)(A)(i)(I).

59. In addition, the subjects of these FOIA requests have a diminished privacy interest as government officials and public figures. Henry Wojtaszek is the President and CEO of OTB, a government-owned corporation. Mark Gabriele was an attorney for OTB during the time period of the request. Both individuals, having been employed by the government and being public officials, have a diminished right to privacy.

60. Additionally, a Glomar response is inappropriate because the FBI already confirmed the existence of documents relating to Henry Wojtaszek and Mark Gabriele in its response to the First Request.

61. By improperly withholding the records Plaintiff specifically requested in the Second Request without providing detailed explanations as to the documents withheld, Defendants violated FOIA.

## COUNT FIVE

**Violation of FOIA for Failure to Conduct a Reasonable Search for the Second Request**

62. Plaintiff realleges and reincorporates all preceding allegations.

63. Defendants are agencies subject to FOIA.

64. Through the Second Request, Plaintiff properly requested records within the possession, custody and/or control of Defendants.

65. The FBI failed to conduct a proper or sufficient search for records responsive to the Second Request.

66. As a result of the FBI's inadequate search in response to the Second Request, which is apparent by the FBI's denial of the Second Request only five days after it was submitted, Plaintiff has not received any of the records requested under FOIA. (Exhibit 6).

67. Defendants' failure to conduct a proper or sufficient search in response to the Second Request violates their obligations under FOIA. 5 U.S.C. § 552(a)(3).

68. Plaintiff has exhausted all applicable administrative remedies with respect to the Second Request. 5 U.S.C. § 552(a)(6)(A); *id.* § 552(a)(6)(C).

## COUNT SIX

## Violation of FOIA for Failure to Segregate and Produce Non-Exempt Material in Response to the First Request and Second Request

69. Plaintiff realleges and reincorporates all preceding allegations.

70. Defendants are agencies subject to FOIA.

71. Through the Requests, Plaintiff properly requested records within the possession, custody and/or control of Defendants.

72. The FBI failed to segregate and produce non-exempt material in response to the Requests.

73. The FBI's failure to segregate and produce non-exempt material in response to the Requests violates FOIA. 5 U.S.C. § 552(b); *id.* § 552(a)(8).

74. Plaintiff has exhausted all applicable administrative remedies with respect to the Requests. 5 U.S.C. § 552(a)(6)(A); *id.* § 552(a)(6)(C).

## REQUESTED RELIEF

For the reasons stated above, Plaintiff respectfully asks that this Court:

75. Order Defendants to conduct a reasonable search for all records responsive to the Requests, and to immediately disclose all non-exempt records responsive to the Requests in their entirety, as well as all non-exempt portions of responsive records;

76. Issue a declaration that Plaintiff is entitled to disclosure of the records responsive to the Requests;

77. Enjoin Defendants from continuing to withhold any and all non-exempt records or portions thereof responsive to the Requests;

78. Issue a declaration that Plaintiff is entitled to news media fee status;

79. Issue a declaration that Investigative Post is entitled to a fee waiver in connection with the Requests;

80. Award Plaintiff reasonable attorney's fees and costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

81. Grant such other relief as the Court may deem just and proper.

Dated: February 7, 2024


/s/_____

Jessica Conrad, *Student Attorney*
Kaitlin Hughes, *Student Attorney*
Michael F. Higgins, *Supervising Attorney*
Civil Rights and Transparency Clinic
University at Buffalo School of Law
507 O'Brian Hall
Buffalo, NY 14260
Telephone (716) 645-6199
mh93@buffalo.edu

Joseph M. Finnerty
Mickey H. Osterreicher
Karim Abdulla
Finnerty Osterreicher & Abdulla
70 Niagara St., Suite 411
Buffalo, NY 14202
Telephone (716) 340-2200 x. 223
Facsimile (716) 340-2300
jmf@foalegal.com
mho@foalegal.com
kaa@foalegal.com
*Attorneys for the Petitioner*
*Investigative Post*